# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PAUL SCHWARTZ,

        Petitioner,

    v.

UNITED STATES OF AMERICA,

        Respondent.

Civil Action No. 12-136

(Criminal No. 09-292-04)

ELECTRONICALLY FILED

## MEMORANDUM OPINION AND ORDER OF COURT DENYING PETITIONER'S MOTION FOR HABEAS CORPUS RELIEF UNDER 28 U.S.C. § 2255 (DOC. NO. 423)

In this criminal action, Petitioner, Paul Schwartz, who previously pled guilty to one count of conspiracy to distribute and receive child pornography in violation of 18 U.S.C. § 2252(b)(1) and was sentenced to a term of 84 months of imprisonment followed by lifetime supervised release, filed a *pro se* Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255. See doc. no. 423 in criminal case file. In his Petition, Schwartz primarily alleges that while on bond, his freedom was significantly curtailed. *Id.* Because of this, and because he cooperated so completely with the Government while on bond, Schwartz contends that this Court should order that his "bond time" count toward his term of imprisonment of 84 months. *Id.*

The Court will deny Petitioner's Motion and will not hold an evidentiary hearing for the reasons set forth and explained more fully below.

## I. Factual and Procedural Background

On March 28, 2011, Schwartz pled guilty to the crime of conspiracy to distribute and receive child pornography in violation of 18 U.S.C. § 2252(b)(1). This Court sentenced Schwartz the same day to an 84-month term of imprisonment, followed by lifetime supervised release for his role in the conspiracy.

Schwartz and his legal counsel signed a plea agreement with the Government prior to the hearing held on March 28, 2011. In the plea agreement, the Government agreed to move to dismiss Count One of the Indictment – which charged Schwartz with the crime of engaging in a child exploitation enterprise in violation of Chaper 10 of Title 18 – if Schwartz pled guilty to Count Two of the indictment, but acknowledged responsibility for conduct charged in Count One and agreed that his conduct in Count One be considered by this Court in considering an appropriate sentence.

Schwartz's plea agreement with the Government states in pertinent part:

> 2. He acknowledges his responsibility for the conduct charged in Count One of the Superseding Indictment at Criminal No. 09-292 and stipulates that the conduct charged in that Count may be considered by the Probation Office or by the Court in calculating the guideline range and in imposing sentence.

* * *

> 8. Paul Schwartz waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. §1291 or 18 U.S.C. §3742, subject to the following exceptions:
>
> (a) If the United States appeals from the sentence, Paul Schwartz may take a direct appeal from the sentence.
>
> (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Paul Schwartz may take a direct appeal from the sentence.
>
> Paul Schwartz further waives the right to file a motion to vacate sentence, under 28 U.S.C. §2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence.

## II.  Standard of Review

Section 2255 of Title 28 of the United States Code provides that:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the

> court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Further, section 2255 provides that the Court shall grant a prompt hearing unless Petitioner's Motion to Vacate, the files and the records in this case "conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b).

When a defendant brings a motion to vacate sentence pursuant to section 2255, the district court is required to hold an evidentiary hearing on a motion to vacate sentence <u>unless</u> the motion and files and records of the case show conclusively that the movant is not entitled to relief. *United States v. Lilly*, 536 F.3d 190, 195 (3d Cir. 2008) (emphasis added), citing *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005). In exercising that discretion, " 'the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record.' " *Lilly*, 536 F.3d at 195, quoting *Gov't of the Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir.1989). "The court should view the factual allegations in the light most favorable to the petitioner." *United States v. Smith*, 101 F.Supp.2d 332, 341 (W.D. Pa 2000), citing *Gov't of the Virgin Islands v. Weatherwax*, 20 F.3d 572, 574 (3d Cir.1994).

Finally, a *pro se* pleading is held to less stringent standards than pleadings drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Thus, a *pro se* habeas petition should be construed liberally. See *Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir.1998).

### III. Petitioner's Section 2255 Petition

#### A. Time on Bond

As noted above, Petitioner filed a *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 primarily alleging that the time he spent out on bond while awaiting his guilty plea and sentencing hearing should count toward his 84-month term of imprisonment. Because this is a purely legal matter, and as discussed more thoroughly herein, this Court finds it is not required to hold an evidentiary hearing because the motion, files and records of the case conclusively show that the movant is not entitled to relief.

Petitioner advances two arguments suggesting his "bond time" ought to be considered "time served" and thus applied toward his 84-month imprisonment term. First, he contends his personal freedom was so severely curtailed that he was imprisoned for all intents and purposes during the time he remained out on bond. Second, he contends that because he fully cooperated to best of his ability with the Government during the time he was out on bond, his bond time should count as time served toward his 84-month term of imprisonment.

The issue raised by Petitioner's Motion is a purely legal one. The question Petitioner raises is whether this Court should order Petitioner's bond time to count toward his 84-month term of imprisonment because: (1) Petitioner's freedom was curtailed while out on bond and (2) because he cooperated with the Government during the time he was out on bond.

##### 1. Lack of Freedom while on Bond

With respect to the first reason, the Supreme Court of the United States and the United States Court of Appeals for the Third Circuit have conclusively held that time spent out on bond cannot count as time served against a term of imprisonment. In *Koray v. Sizer*, 68 F.3d 1538 (3d Cir. 1995), Koray spent 150 days in a community treatment center pending his sentencing. After

he was sentenced, he filed a request with the Bureau of Prisons to credit the 150 days toward his 41-month term of imprisonment. When the Bureau of Prisons denied his request, Koray filed a habeas corpus petition before the district court which also denied his request. On appeal, the Court of Appeals for the Third Circuit reversed. 68 F.3d at 1539.

The Supreme Court granted *certiorari*, reversed the Court of Appeals, and remanded the case. On remand, the Court of Appeals noted as follows:

> The [Supreme] Court adopted the statutory interpretation proffered by the Bureau of Prisons. It held that "official detention" of 18 U.S.C. § 3585(b) was coextensive with confinement imposed pursuant to a court order detaining a defendant and committing him to the custody of the Attorney General – and accordingly was exclusive of other instances of pre-sentence confinement, regardless of their character or extent. The [Supreme] Court relied, in large part, on the scope and meaning of related provisions of the Bail Reform Act of 1984 (BRA). Under that statute, a court has an option either to "release" a defendant on bail, albeit subject to various restrictive conditions, or to "detain" the defendant without bail by issuing a detention order "direct[ing] that the person be committed to the custody of the Attorney General for confinement in a corrections facility." 18 U.S.C. § 3142(i)(2). The Court reasoned that the phrase "official detention" in 18 U.S.C. § 3585(b), therefore, involves such commitment and custody as necessary elements. 515 U.S. at ----, 115 S.Ct. at 2025. The Court noted that reference to "the official detention facility" in 18 U.S.C. § 3585(a) necessarily paralleled reference to "commit[ment] to the custody of the Bureau of Prisons" in 18 U.S.C. § 3621(a), since both clauses made provision for the proper administration of sentenced defendants. *Id*. at ---- - ----, 115 S.Ct. at 2025-26. References to "official detention" in other statutory provisions, *see, e.g.*, 18 U.S.C. § 3622(b) & (c), also supported the Government's position that the phrase "official detention" in 18 U.S.C. § 3585(b) was limited to confinement in a correctional facility designated by the Bureau of Prisons for the service of federal sentences. Id. at ----, 115 S.Ct. at 2026.

*Id.*

The Court of Appeals stated that the Supreme Court had remanded the case for "further proceedings consistent with its opinion" and accordingly entered an order remanding the matter to the district court to re-enter an order denying the petition for a writ of habeas corpus. *Id.* at 1539-40.

Given that 150 days of confinement to a community treatment facility did not meet the definition of phrase "official detention" set forth 18 U.S.C. § 3585(b), the facts asserted here by Petitioner certainly fail to rise to the level of "official detention." Moreover, given that in *Koray* the community treatment facility itself did not meet the definition of an "official detention facility" (which, as the Supreme Court determined, is a prerequisite to having time count toward a term of imprisonment), and given that Petitioner was never placed in any sort of facility, let alone one that meets the definition of 18 U.S.C. § 3585(a), he cannot be said to have been committed to the custody of the Bureau of Prisons during the time he spent out on bond.

In short, Petitioner had to have undergone "official detention" during the time he spent out on bond. As explained in K*oray*, supra., this requirement means Petitioner would have had to have been committed to the custody of the Attorney General for confinement in a corrections facility. Instead, Petitioner was "released" on bond. Thus, Petitioner is prohibited by law from having his "bond time" count as "time served" against his 84-month sentence.

Accordingly, based on the foregoing law and authority, Petitioner's request that time he spent out on bond count toward his term of imprisonment shall be denied.

**2. Cooperation with Government while on Bond**

There is no legal authority whatsoever in support of Petitioner's proposition that because he cooperated with the Government while out on bond, he is entitled to have his bond time count against his 84-month term of imprisonment. Accordingly, Petitioner's request in this regard shall likewise be denied as a matter of law.

### B. Petitioner's Waiver Arguments

As noted above in "I. Factual and Procedural Background," Petitioner and his counsel both signed a plea agreement that contained language indicating that Petitioner waived his rights to file the instant Petition under 28 U.S.C. § 2255 attacking his sentence.

Generally, waivers of the right to appeal and to collateral attack are valid if entered into knowingly and voluntarily, and will divest the district court of jurisdiction over a collateral attack. *United States v. Khattak*, 273 F.3d 557, 558 (3d Cir. 2001). In determining "whether a waiver is valid, a court should consider: (1) whether the waiver . . . was knowing and voluntary; (2) whether one of the specific exceptions set forth in the agreement prevents the enforcement of the waiver; *i.e.*, what is the scope of the waiver and does it bar appellate review of the issue pressed by the defendant; and (3) whether enforcing the waiver would work a miscarriage of justice. *United States v. Goodson*, 544 F.3d 529, 536 (3d Cir. 2008) citing *United States v. Jackson*, 523 F.3d 234 (3d Cir. 2008) (internal quotations omitted). In order to determine whether enforcing a waiver will result in a miscarriage of justice, a court may consider "the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." *Khattak*, 273 F.3d at 563. Ineffective assistance of counsel which prevents a defendant from understanding his plea may result in a miscarriage of justice. See *United States v. White*, 390 Fed. Appx. 114, 116 (3d Cir. 2010).

Here, the Court finds that Petitioner failed to make the requisite showing necessary to invalidate his waivers of appeal and collateral attack. In fact, Petitioner failed to even raise any allegations necessary to suggest that this Court should invalidate his waivers of appeal and

collateral attack.

For these additional reasons, the Court shall deny Petitioner's Request to modify his sentence.

## IV. Certificate Of Appealability

Under 28 U.S.C. § 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." For the reasons stated above, Petitioner has failed to make such a showing. Therefore, a certificate of appealability will not issue.

## V. Conclusion

In sum, Petitioner has no legal basis for the relief he requested and he has waived his right to collateral attack, and thus, his Motion must be denied. No certificate of appealability shall issue. An appropriate Order follows.

**ORDER**

AND NOW, this 7th day of March 2012, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion For Habeas Corpus Relief Under 28 U.S.C. § 2255 (Doc. No. 423) is hereby DENIED. No certificate of appealability shall issue.

s/ Arthur J. Schwab<br>United States District Judge

cc:    All Registered ECF Counsel and Parties

        Paul Schwartz
        Inmate no. 18815-097
        Federal Correction Institute, Tuscon
        P.O. Box 23811
        Tucson, AZ 85734